[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 21, 1997
The defendant Spalding Evenflo Companies, Inc. (Spalding) moves to strike count two (CUTPA) of the plaintiff's amended complaint of November 4, 1996. This court, Hennessey, J. by decision of October 21, 1996, clarified on January 9, 1997, granted the defendant's motion to strike the CUTPA count of the original complaint dated January 12, 1995. Thereafter the plaintiff pleaded over. (Practice Book Section 157.)
The basis for the court's prior rulings is not set forth in the decision. However, the reason advanced for the motion is that (1) The Connecticut Product Liability Act offers the exclusive remedy for such claims, especially when there is no functional distinction between the product liability claim and the CUTPA claim; and (2) a CUTPA claim cannot be brought for personal injuries. CT Page 4787
The CUTPA claim in the original complaint merely incorporated the paragraphs of the Product Liability claim and then stated, in a single paragraph, that the incorporated paragraphs "Constitute an unfair trade practice." Consequently there was no functional distinction between the product liability claim and the CUTPA claim as pleaded.
The revised complaint, incorporating the three product liability assertions formerly recognized by the common law (negligence, strict liability and warranty), as historically acknowledged by General Statutes § 52-572m, thereafter claims, in this second count, that the "defendant marketed its child safety car seat as being safe for use by the public." It is this activity which is claimed to be a violation of CUTPA.
To the extent that the term "marketed may be interpreted to mean only that it sold or distributed the product (General Statute § 52-572m), there would be no functional distinction between that activity and the underlying product liability activity. However, in the modern and colloquial use of that term, to "market" is sufficiently comprehensive to include the activity of advertising and promoting the product. Such activity is not a necessary adjunct to the sale of the product, nor is it an integral part of any of the traditionally defined areas which bring about a product liability claim either under common law or under the product liability statute, Section 52-572, et seq. Many products are distributed throughout the chain of commerce by reputation, by "word of mouth," without engaging in advertising or promotion.
The court determines that phrase "marketed . . . as being safe for use by the public" is sufficiently broad to allege the activity of advertising, and hence this claim is a claim which has a functional distinction between it and a product liability claim under General Statute § 52-572m. It is to be noted that great caution must be exercised in determining what particular advertising rises to the level of "unfair or deceptive" as prohibited by General Statute § 42-110b, as the right to advertise is a right protected by the first amendment of the United States Constitution. For an extensive dissertation concerning such rights and permissible limitations see Caldor,Inc. v. Heslin, 215 Conn. 590, 600 (1990). See also page 593 reflecting a broad definition of the term "marketing technique."
The court determines that there is in fact a functional CT Page 4788 distinction between the first count, product liability, and the second count, CUTPA.
 II
The defendant further contends that a claim in CUTPA cannot be brought in a personal injurious action. No Connecticut appeals court has determined that there exists such a blanket prohibition as is claimed by the defendant. To the extent that this argument is based upon General Statute § 42-110g(a) which requires that the injured party must suffer an "ascertainable loss of money or property" this complaint alleges that the injured party has incurred and will incur expenses for hospital, doctor and medical care and treatment, x-rays, medicines and medical supplies. These are ascertainable losses. See Mulquein v. NutriSystem Weight Loss, CV-01130148, 6 CONN. L. RPTR. 459 (5/29/92, Rush, J.). Although simple negligence, with no additional claim such as deceptive advertising, may not justify a CUTPA claim (A-GFoods, Inc. v. Pepperidge Farm, 216 Conn. 200, 217 (1990);Williams Ford v. Hartford Courant Co., 232 Conn. 559, 593 (1995)) yet that is not the circumstances as liberally interpreted by the pleadings in this action.
For the reasons set forth herein the motion to strike the second count of the revised complaint is denied.
SULLIVAN, L., J.